UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN A. BEIGHTLER, | ) | CASE NO. 3:19CV881 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| JEFF NOBLE, Warden, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Petitioner Stephen Beightler ("Beightler"), a prisoner in state custody, has filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction in *State v. Beightler*, Case No. CRI20182084. (Doc. No. 1 ["Pet."].) He claims the state court of appeals "compelled" him to have "undesirable counsel" in violation of his constitutional rights by denying his *pro se* motion to dismiss his court-appointed appellate counsel and proceed without counsel. (*Id*. at 1; *see* Doc. No.1-2.)[1]

State prisoners must exhaust all possible state remedies, or have no remaining state remedies, before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509, 510, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) (district court must dismiss a habeas petition containing unexhausted claims). This entails giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526

---

[1] All references to page numbers are to the page identification numbers generated by the Court's electronic docketing system.

U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). In other words, "the highest court in the state in which the petitioner was convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

It is evident on the face of the petition that Beightler has not exhausted his state-court remedies. He has appealed the trial court's judgment of conviction to the state court of appeals (Hardin County Court of Appeals, Case No. CA06-18-11). (Pet. at 1.) According to the state appellate court's online docket, that case remains pending.[2] Beightler therefore has not completed one full round of the state appellate review process, and his claim is not exhausted. Thus, regardless of the potential merits of his claim, on which this Court expresses no opinion, the petition must be dismissed for failure to exhaust state-court remedies.

Accordingly, this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability, Fed. R. App. P. 22(b); 28 U.S.C. § 2253.

**IT IS SO ORDERED**.

Dated: August 19, 2019

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[2] *See* http://www.hardincourts.com/recordSearch.php (last visited Aug. 19, 2019).